# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

| | |
|---|---|
| DEMARIO JOHNSON ) | |
| a/k/a LEO SCOTT, ) | |
| ) | |
| Petitioner, ) | No. 2:17-cv-02682-TLP-tmp |
| ) | |
| vs. ) | |
| ) | |
| SHAWN PHILLIPS, ) | |
| ) | |
| Respondent. ) | |

**ORDER DENYING MOTIONS TO AMEND AND FOR APPOINTMENT OF COUNSEL,
ORDER GRANTING RESPONDENT'S MOTION TO DISMISS,
ORDER OF DISMISSAL,
ORDER DENYING CERTIFICATE OF APPEALABILITY,
ORDER CERTIFYING APPEAL NOT TAKEN IN GOOD FAITH
AND
ORDER DENYING LEAVE TO PROCEED IN FORMA PAUPERIS ON APPEAL**

There are three motions here. Petitioner moves to amend his petition and seeks the appointment of counsel. (ECF Nos. 9 and 13.) And Respondent moves to dismiss the petition as untimely. (ECF No. 15.) Petitioner's response to the motion to dismiss is unpersuasive. (ECF No. 16.) The Court, then, GRANTS Respondent's motion to dismiss and DENIES Petitioner's motions to amend the petition and for the appointment of counsel.

**I.  MOTIONS TO AMEND AND FOR APPOINTMENT OF COUNSEL**

Petitioner filed two motions requesting permission to amend the petition. (ECF Nos. 9, 13.) It would be futile to permit Petitioner to amend a petition to raise additional issues when it is already time-barred. Courts freely grant leave to amend when justice so requires. Fed. R. Civ. P. 15(a)(2). Courts have held that Rule 15 allows petitioners who bring claims under 28 U.S.C. §

2254 timely to supplement and clarify those claims. *See Anderson v. United States*, 39 F. App'x 132, 135-36 (6th Cir. 2002); *Oleson v. United States*, 27 Fed. App'x 566 (6th Cir. 2001). Here, Petitioner's original petition was not filed timely. Thus his motions to amend (ECF Nos. 11, 13) are DENIED. Petitioner has also moved for the appointment of counsel. (ECF No. 13.) Because the petition is to be dismissed, the motion for appointment of counsel is also DENIED.

## II. STATE COURT PROCEDURAL HISTORY

Petitioner was indicted in July 2006 by a Shelby County grand jury for first degree murder. (ECF No. 14-1 at PageID 90-91.) After three days of trial in Shelby County Criminal Court, the jury convicted Petitioner of first degree murder and the court sentenced him to life imprisonment that same day. (ECF No. 14-1 at PageID 93 and 96); (ECF No. 17-1 at PageID 99.) The Tennessee Court of Criminal Appeals ("TCCA") affirmed the trial court's judgment. *State v. Johnson*, No. W2008-01665-CCA-R3-CD, 2009 WL 3489841 (Tenn. Crim. App. Oct. 29, 2009), *perm. app. denied*, (Tenn. Apr. 16, 2010).

Petitioner placed a petition for post-conviction relief in the prison mail system on February 14, 2011. (ECF No. 14-13 at PageID 608–17.) The Court appointed counsel to represent him. (ECF No. 14-13 at PageID 620.) The post-conviction court conducted an evidentiary hearing and ultimately denied the petition. (ECF No. 13-14 at PageID 631–37.) The Tennessee Court of Criminal Appeals affirmed. *Johnson v. State*, No. W2011-02123-CCA-R3-PC, 2013 WL 772785 (Tenn. Crim. App. Feb. 27, 2013), *perm. app. denied*, (Tenn. July 10, 2013).

## III. PETITIONER'S FEDERAL HABEAS CLAIMS

On September 10, 2017, Petitioner DeMario Johnson, also known as Leo Scott, Tennessee Department of Correction ("TDOC") prisoner number 441409, an inmate at the

Morgan County Correctional Complex ("MCCX") in Wartburg, Tennessee, placed a pro se petition under 28 U.S.C. § 2254 in the prison mail system. (ECF No. 1 at PageID 15.) On November 27, 2017, the United States District Court Judge Samuel H. Mays, Jr. entered an order dismissing Issue Two of the petition and directing Respondent to file the state court record and respond to the petition. (ECF No. 8.)

In this § 2254 petition, Petitioner alleges: (1) that the prosecutor violated his Fifth Amendment right not to testify by commenting on Petitioner's decision not to testify; (2) that he was denied a bifurcated sentencing and the right to present mitigating evidence in accordance with the Tennessee Sentencing Reform Act of 1989 and the first-degree murder statute;[1] and (3) that the trial court abused its discretion by admitting medical reports that contradicted the testimony of the medical examiner. (ECF No. 1 at PageID 5, 7–8.) Respondent contends that the petition is time barred. (ECF No. 15 at PageID 1362.)

## IV. ANALYSIS

The statutory authority for federal courts to issue habeas corpus relief for persons in state custody is provided by 28 U.S.C. § 2254, as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). A federal court may grant habeas relief to a state prisoner "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

Section 2244(d) provides the limitation period to file a habeas petition and so states:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall begin to run from the latest of-
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

---

[1] Issue Two was dismissed on November 27, 2017. (ECF No. 8.)

3

>    (B) the date on which the impediment to filing an application created
>    by State action in violation of the Constitution or laws of the United States
>    is removed, if the applicant was prevented from filing by such State
>    action;
>    (C) the date on which the constitutional right asserted was initially
>    recognized by the Supreme Court, if the right has been newly recognized
>    by the Supreme Court and made retroactively applicable to cases on
>    collateral review; and
>    (D) the date on which the factual predicate of the claim or claims
>    presented could have been discovered through the exercise of due
>    diligence.
> (2) The time during which a properly filed application for State post-conviction or
> other collateral review with respect to the pertinent judgment or claim is pending
> shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

State convictions ordinarily become "final" under § 2244(d)(1)(A) when the time expires for filing a petition for a writ of certiorari from a decision of the highest state court on direct appeal. *Bronaugh v. Ohio*, 235 F.3d 280, 283 (6th Cir. 2000). Petitioner's conviction became final on July 15, 2010, when he failed to petition the United States Supreme Court for writ of certiorari. Petitioner's limitations period started on this date.

The limitations period was tolled, under § 2244(d)(2) on February 14, 2011, when Petitioner placed his post-conviction petition in the prison mail system. (ECF No. 14-13 at PageID 616.) By that time, 213 days of the one-year limitations period had elapsed. The Tennessee Court of Criminal Appeals affirmed the dismissal of the post-conviction petition on February 27, 2013, and the Tennessee Supreme Court denied permission to appeal on July 10, 2013. The running of the limitations period recommenced at that time and expired on December 9, 2013. Petitioner did not place this habeas petition in the prison mail until September 10, 2017 (ECF No. 1 at PageID 15), and it is time barred.

"[T]he doctrine of equitable tolling allows federal courts to toll a statute of limitations when a litigant's failure to meet a legally mandated deadline unavoidably arose from

circumstances beyond that litigant's control." *Keenan v. Bagley*, 400 F.3d 417, 421 (6th Cir. 2005) (internal quotation marks omitted). The § 2254 limitations period is subject to equitable tolling. *Holland v. Florida*, 560 U.S. 631, 645–49 (2010). "[T]he doctrine of equitable tolling is used sparingly by the federal courts." *Robertson v. Simpson*, 624 F.3d 781, 784 (6th Cir. 2010); *see also Vroman v. Brigano*, 346 F.3d 598, 604 (6th Cir. 2003) ("Absent compelling equitable considerations, a court shouldnot extend limitations by even a single day."); *Jurado v. Burt*, 337 F.3d 638, 642 (6th Cir. 2003) (same). "The party seeking equitable tolling bears the burden of proving he is entitled to it." *Robertson*, 624 F.3d at 784. A habeas petitioner is entitled to equitable tolling "only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland*, 560 U.S. at 649 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)).

Petitioner attached a letter to his reply to the motion to dismiss showing that he was aware of the dismissal of his post-conviction appeal by June 30, 2013. (ECF No. 16-2 at PageID 1380.) Petitioner does not allege circumstances justifying the application of equitable tolling. Ignorance of the law does not toll the limitations period. *Thomas v. Romanowski*, 362 F. App'x 452, 455 (6th Cir. 2010); *Harrison v. I.M.S.*, 56 F. App'x 682, 685–86 (6th Cir. 2003) (declining to apply equitable tolling where prisoner was ignorant of the filing deadline because, through his other contacts with the court, he "learned that his other documents he filed with the court had corresponding filing deadlines" and so he "knew or should have known that his application for a writ of habeas corpus also had a filing deadline"); *Miller v. Cason*, 49 F. App'x 495, 497 (6th Cir. 2002) ("Miller's lack of knowledge of the law does not excuse his failure to timely file a habeas corpus petition."); *Brown v. United States*, 20 F. App'x 373, 374 (6th Cir. 2001) ("Ignorance of the limitations period does not toll the limitations period."). Petitioner was not

5

diligent in pursuing his rights. There is no basis for finding that the one-year statute of limitations should be tolled.

Respondent's motion to dismiss (ECF No. 15) the petition as time barred is GRANTED. The petition is DISMISSED WITH PREJUDICE. Judgment shall be entered for Respondent.

## V. APPELLATE ISSUES

There is no absolute entitlement to appeal a district court's denial of a § 2254 petition. *Miller-El v. Cockrell*, 537 U.S. 322, 335 (2003); *Bradley v. Birkett*, 156 F. App'x 771, 772 (6th Cir. 2005). The Court must issue or deny a certificate of appealability ("COA") when it enters a final order adverse to a § 2254 petitioner. Rule 11, Rules Governing Section 2254 Cases in the United States District Courts. A petitioner may not take an appeal unless a circuit or district judge issues a COA. 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22(b)(1).

A COA may issue only if the petitioner has made a substantial showing of the denial of a constitutional right, and the COA must point to the specific issue or issues that satisfy the required showing. 28 U.S.C. §§ 2253(c)(2)-(3). A petitioner makes a "substantial showing" when he shows that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Miller-El*, 537 U.S. at 336 (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)); *Henley v. Bell*, 308 F. App'x 989, 990 (6th Cir. 2009) (per curiam).

A COA does not require a showing that an appeal would succeed. *Miller-El*, 537 U.S. at 337; *Caldwell v. Lewis*, 414 F. App'x 809, 814–15 (6th Cir. 2011). Courts should not issue a COA as a matter of course. *Bradley*, 156 F. App'x at 773 (quoting *Slack*, 537 U.S. at 337).

Here, there can be no question that the claims in this petition are barred by the statute of limitations. Because any appeal by Petitioner on the issues raised in this petition are not subject to reasonable dispute, the Court DENIES a certificate of appealability.

The Court also finds, for the same reasons, that any appeal would not be taken in good faith. It is thus CERTIFIED, under Fed. R. App. P. 24(a), that any appeal in this matter would not be taken in good faith, and leave to appeal in forma pauperis is DENIED.[2]

**SO ORDERED**, this 14th day of September, 2018.

s/Thomas L. Parker
THOMAS L. PARKER
UNITED STATES DISTRICT JUDGE

---

[2] If Petitioner files a notice of appeal, he must pay the full $505 appellate filing fee or move to proceed in forma pauperis and supporting affidavit in the Sixth Circuit Court of Appeals within thirty (30) days of the date of entry of this order. *See* Fed. R. App. P. 24(a)(5).